UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D&S REMODELERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:15-cv-59 ) Judge Aleta A. Trauger |
| COLONIAL CLAIMS CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER

Pending before the court is a Motion for Judgment on the Pleadings (Docket No. 143) filed by the defendant, Colonial Claims Corporation ("Colonial"), to which the plaintiff, D&S Remodelers, Inc. ("D&S"), has filed a Response in opposition (Docket No. 145), and Colonial has filed a Reply (Docket No. 146). For the reasons discussed herein, the Motion will be granted.

## BACKGROUND AND PROCEDURAL HISTORY

This breach of contract action is based on allegations that D&S performed repair and remediation work for the Foundry at Hunters Point Condominiums (the "Foundry") following damage to the Foundry during Hurricane Sandy in 2012, and that D&S was never compensated for that work. According to the Amended Complaint, filed on November 24, 2015, D&S and the Foundry entered into an agreement whereby, in exchange for D&S's repair and remediation work, the Foundry "assigned to D&S the right to recover all monies received from any insurance company related to D&S's services and materials provided to the Foundry." (Docket No. 48, ¶ 41.) The Amended Complaint further alleges that the Wright National Flood Insurance Company f/k/a Fidelity National Insurance Services, LLC ("Fidelity") provided flood insurance

1

to the Foundry through the National Flood Insurance Program (the "NFIP") and that Colonial acted as Fidelity's adjuster for any claims related to this policy. The Amended Complaint specifically states that "D&S reasonably believed that Colonial was acting as the agent for Fidelity because Colonial represented itself as the adjuster acting on behalf of Fidelity." (*Id*. ¶ 57.) The Amended Complaint names as defendants in this action the following parties: the Foundry, the Board of Managers of the Foundry, Jennie M. McCarthy, Amanda L. Fung, Ronald L. Losby, Amber Barth, Julie M. Heller, Eric Malinowski, Timothy Chen, Robert J. Swiderski, the New Bedford Management Corporation, Fidelity, and Colonial. The Amended Complaint brings claims against all defendants for breach of contract, unjust enrichment, fraudulent inducement, intentional misrepresentation, and negligent misrepresentation.

With respect to Colonial, the section of the Amended Complaint outlining the factual allegations specifically states as follows:

> Additionally, in all communications before D&S completed the Foundry Project, D&S dealt exclusively with representatives of Colonial in connection to the involvement of any insurance companies. In that regard, Colonial made oral agreements with D&S which gave D&S the reasonable belief that Colonial would be bound, individually, by such agreements. Ultimately, D&S was assured that it would be paid by someone for all of the services and materials it provided to complete the Foundry Project. By making such representations and assurances to D&S, Colonial represented that any insurance claim submitted to the Foundry's insurer, or available disaster relief fund, would be accepted and full payment would be made to D&S.

(Docket No. 48, ¶¶ 59-60.) The section of the Amended Complaint that outlines the claims being brought in this action then contains the following allegations regarding the breach of contract claim against Colonial:

> Colonial individually agreed with D&S that should D&S complete the Foundry Project, it would compensate D&S for the same. Colonial agreed to be individually bound by its agreement with D&S. Alternatively, D&S reasonably believed that Colonial would be individually bound by the agreement. Therefore,

2

> the agreement between Colonial and D&S constituted a valid contract. D&S
> performed its obligations pursuant to its contract with Colonial in full.

(*Id*. at ¶ 81.)

On September 20, 2016, the court issued an Order granting a Motion to Dismiss filed by Fidelity and dismissing all claims against Fidelity with prejudice. (Docket No. 118.) In the accompanying Memorandum, the court explained that, under the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq*. (the "NFIA"), claims arising under an NFIP policy are limited to federal law claims brought by the policy's insured or an assignee of rights to the insured property. (Docket No. 117 (the "Prior Opinion:").) Because D&S is neither the insured under the Foundry's NFIP policy with Fidelity nor an assignee of the Foundry's property that is covered by the Fidelity policy, the court held that D&S's claims against Fidelity could not survive as a matter of law.

The court further held – in keeping with federal courts of appeal that have ruled on this issue – that the claims against Fidelity were precluded because it is unreasonable, as a matter of law, for an insured to rely on an adjuster's statement that a claim under an NFIP will be approved when the Standard Flood Insurance Policy (the "SFIP"), which governs all NFIPs, expressly states that an adjuster is not authorized to approve or disapprove claims or to tell an insured whether claims will be approved. (Docket No. 117, p. 6 (citing *Richmond Printing LLC v. Dir. Fed. Emergency Mgmt. Agency*, 72 F. App'x 92, 97-98 (5th Cir. 2003) and *Kerr v. FEMA*, 113 F.3d 884 (8th Cir. 1997)). Finally, the court rejected D&S's argument that its claims in this action arising from representations made by Colonial arose, at least in part, outside of the handling of a NFIP insurance claim. Specifically, the court held that there is no way to read D&S's claims as arising outside of the NFIP claim adjustment process when the Amended

3

Complaint clearly states that the alleged representations made by Colonial were made in the course of adjusting the NFIP claims. (Docket No. 117, pp. 7-8.)

On December 27, 2016, the court entered the parties' Joint Stipulation and Order of Dismissal, indicating that a Confidential Settlement Agreement was reached between D&S and the following Defendants: the Foundry, the Foundry's Board of Managers, Jennie McCarthy, Amanda L. Fung, Ronald L. Losby, Amber Barth, Eric Malinowski, Timothy Chen, Robert J. Swiderski, and the New Bedford Management Corporation. (Docket No. 130.) The parties also stipulated to the voluntary dismissal with prejudice of defendant Julie M. Heller. (Docket No. 127.) Accordingly, the only remaining defendant in the action at this time is Colonial.

On January 3, 2017, D&S filed a Motion to Dismiss, seeking to voluntarily dismiss the claims against Colonial without prejudice so that D&S could pursue an appeal of the court's Order dismissing the claims against Fidelity. (Docket No. 134.) The Motion was denied by the court on January 5, 2017. (Docket No. 137.)

On March 1, 2017, Colonial filed a Motion for Judgment on the Pleadings (Docket No. 143), along with a Brief in support (Docket No. 144), arguing that the claims against Colonial should be dismissed on the same grounds as the court dismissed the claims against Fidelity. On March 14, 2017, D&S filed a Response in opposition (Docket No. 145) and, on March 22, 2017, Colonial filed a Reply (Docket No. 146).

## **LEGAL STANDARD**

Under Rule 12(c): "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion under Rule 12(c) is governed by the same standards that govern a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Reilly v. Vadlamudi,* 680 F.3d 617, 622–23 (6th Cir. 2012). "For purposes of a motion for

judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581–82. It is well settled that a Rule 12(c) motion should be granted when there is no material issue of fact and the party making the motion is entitled to judgment as a matter of law. *Id.* at 582.

## ANALYSIS

Colonial argues that the claims against it should be dismissed because – like the claims against Fidelity – these claims arise from Colonial's adjusting of the flood insurance claims that arose under the Foundry's NFIP policy with Fidelity and are, accordingly, precluded by the NFIA. As discussed in greater detail in the Prior Opinion, the NFIA preempts all claims arising from the handling of the Foundry's NFIP insurance claims, other than a federal law claim under the NFIA brought by the Foundry against Fidelity. As also discussed in the Prior Opinion, the terms of the SFIP render it unreasonable, as a matter of law, for D&S to have relied on Colonial's representations as to whether Fidelity would pay the insurance claims at issue. Colonial argues that these reasons apply with equal force to dismiss the claims against Colonial as to dismiss the claims against Fidelity. The court agrees with Colonial's position.

D&S devotes a great deal of its briefing to arguing that the NFIA's preemption of claims by policyholders against NFIP insurers does not apply to claims between third parties to a NFIP insurance agreement that do not arise from the insurance policy and do not implicate United States Treasury funds. According to D&S, such claims would fall outside of any express or implied preemption arising from the NFIA and would not be subject to the doctrine of field

5

preemption. While D&S is technically correct, it overlooks the critical fact that, outside of claims arising from the Foundry's NFIP insurance policy, no other legal claims have sufficiently been alleged in this action. The cases cited by D&S all explain that claims arising from the *procurement* of a NFIP policy, rather than from the adjusting of insurance claims once a NFIP policy is already in place, are not preempted.[1] The court already explained in the Prior Opinion, however, that procurement claims are wholly different from the claims at issue in this action and, therefore, have no bearing on this case. In a procurement action, the broker stands to benefit by selling the NFIP policy, and the insured reasonably relies on the broker's representations in purchasing the policy, creating a legally binding relationship. Here, on the other hand, any representations made by Colonial in the course of adjusting insurance claims for the Foundry's NFIP policy did not stand to benefit Colonial in any way (as Colonial did not benefit from D&S's work on the Foundry), were made only in the course of Colonial's work as an adjuster, and were not reasonably relied on by D&S for the reasons cited above.

D&S insists that its claims against Colonial are entirely separate from its claims against Fidelity and arise *outside* of Colonial's adjustment of insurance claims under the Foundry's NFIP policy. D&S emphasizes that both D&S and Colonial are strangers to the insurance

---

[1] *See McCormick v. Auto Owners, Ins. Co., Inc.*, No. Civ. A. 04 54 JBC, 2005 WL 1364567 (E.D. Ky. June 6, 2005); *Fadel v. Nationwide Mut. Fire Ins. Co*, No. 3:12-CV-00337-H, 2012 WL 5878728, at *6 (W.D. Ky. 2012); *Reeder v. Nationwide Mut. Fire Ins. Co.*, 419 F. Supp. 2d 750, 762-6 (D. Md. 2006); *Danho v. Fidelity Nat. Indem. Ins. Co.*, No. 2:12-CV-04547, 2013 WL 5411195 (D.N.J. Sept. 13, 2013); *Spence v. Omaha Indem. Ins. C*o., 996 F.2d 793, 796 (5th Cir. 1993); *Padalino v. Standard Fire Ins. Co.*, 616 F.Supp.2d 538, 544-45 (E.D. Pa. 2008); *Messa v. Omaha Prop. & Cas.*, 122 F.Supp.2d 513, 521 (D.N.J. 2000).D&S also cites *Davis v. Travelers Property & Casualty. Company*, 96 F. Supp. 2d 995, 1002 (N.D. Cal. 2000), and *Bleecker v. Standard Fire Insurance Company*, 130 F. Supp. 2d at 736, as examples of cases where claims that were based on a carrier's representations were not preempted. The Prior Opinion, however, already declined to rely on these cases on the grounds that they are not binding authority on the court and they pre-date the 2000 amendments to the SFIP that support preemption. The same reasoning applies to an additional case cited by D&S in its briefing on this motion: *Spence v. Omaha Indemnity Insurance Company*, 996 F.2d 793, 796 (5th Cir. 1993).

contract between the Foundry and Fidelity and argues that the relationship between D&S and Colonial can, therefore, give rise to a claim that is separate and apart from the insurance policy. Aside from alleging claims that arise in the context of adjusting the insurance claim, however, D&S has failed to sufficiently allege any legal claim against Colonial. D&S cites to the sections of the Amended Complaint quoted above to argue that it has pled an independent claim against D&S based on a contractual or quasi-contractual relationship between D&S and Colonial. The allegations in the Amended Complaint, taken as a whole, however, do not support any such independent claim. D&S asserts that Colonial represented not only that Fidelity would pay the Foundry's insurance claims for D&S's work, but also that Colonial would pay D&S for its work on the Foundry and/or that a third party, such as a benefit fund, would do so. Aside from the fact that, again, all of these representations were alleged to have been made in the context of Colonial's adjusting the NFIP claims on behalf of Fidelity, there is no basis here to support a legal claim that Colonial was bound by any of these alleged representations.

A key element of a breach of contract claim under Tennessee law is the existence of a valid and enforceable contract. *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Here, there are clearly no allegations of consideration given by D&S to Colonial in exchange for Colonial's alleged promise to pay for D&S's work on the Foundry, or to be bound by the alleged representation that someone would pay. The most reasonable reading of these allegations is that Colonial, as an adjuster, represented its opinion that D&S would likely be paid for its work, either through the NFIP policy or by another available means. As explained in the prior Opinion, however, an adjuster such as Colonial cannot, as a matter of law, bind a NFIP insurer like Fidelity, and there is no reasonable basis for an insured to rely on such a representation by an adjuster. Additionally, Colonial cannot be said to have bound a third party entity, such as an

unnamed benefit fund, that it is not alleged to have represented or to be affiliated with, and there is no plausible basis for D&S to have reasonably relied on any such representation by Colonial that a third party would pay for the work done on the Foundry. Nor is there a plausible basis for D&S to have understood Colonial's representations in the course of adjusting the insurance claims to contractually bind Colonial itself to pay for the work on the Foundry, when Colonial is not alleged to have received any benefit in exchange for such a promise.

Likewise, a misrepresentation claim, whether for intentional or negligent misrepresentation, requires a showing that the plaintiff *reasonably* relied on the representation. *Davis v. McGuigan*, 325 S.W.2d 149, 154 (Tenn. 2010) (intentional misrepresentation); *Wright v. Citizen's Bank of East Tennessee*, 640 F. App'x 401, 410 (negligent misrepresentation) (citing *Stanfill v. Mountain*, 301 S.W. 3d 179, 189 (Tenn. 2009)). While reasonableness is generally a factual question that is decided by the trier of fact after the record has been fully developed, the court finds that, in this instance, the allegations as pled do not establish any plausible basis for reasonable reliance by D&S on the alleged representations by Colonial for the reasons discussed above and in the Prior Opinion. Finally, an unjust enrichment claim under Tennessee law requires a benefit conferred on the defendant by the plaintiff. *United States v. Goforth*, 465 F.3d 730, 733 (6th Cir. 2006). Again, the pleadings have failed to allege that any benefit was conferred upon Colonial based on D&S's remediation work on the Foundry. There is nothing in the Amended Complaint to suggest that Colonial had any interest in the Foundry or any obligation to ensure that the Foundry was restored. Colonial's only role, according to the very allegations in the Amended Complaint, was to adjust insurance claims under the Foundry's NFIP policy with Fidelity. As a result, the court finds that D&S has failed to sufficiently plead any

claim against Colonial outside of a claim arising under the Foundry's NFIP policy with Fidelity that is preempted by the NFIA. Accordingly, this action cannot proceed as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Colonial's Motion for Judgment on the Pleadings is hereby **GRANTED,** and all claims against Colonial are **DISMISSED**.

Entry of this Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 12th day of April 2017.

 _____
 ALETA A. TRAUGER
 United States District Judge